Filed 8/30/21  P. v. Williams CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LONDON HAILEY WILLIAMS, Defendant and Appellant. | D078777 (Super. Ct. No. SCN316186) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2013, London Hailey Williams pleaded guilty to the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)) and dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)).  Williams was placed on probation.

In September 2013, Williams admitted violating probation.  He was reinstated to probation.

In January 2014, Williams again admitted a probation violation. He was reinstated to probation.

In March 2014, the court granted Williams's request to move to Georgia pursuant to the Interstate Compact. Williams did not comply with the terms of the move; probation was revoked, and a bench warrant was issued.

In March 2021, Williams admitted his violation of probation. He was sentenced to a two-year term in custody.

Williams filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel asks the court to review the record for error as mandated by *Wende.* We offered Williams the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Appellant's opening brief contains an accurate statement of the factual and procedural background of this case. We will adopt that summary here for convenience.

"On March 26, 2014, Williams appeared before the [c]ourt, wherein the [c]ourt granted his request to move to Georgia pursuant to ICSU. Subsequently, Williams reported to the probation office, where he was informed of the ICSU process and directed to return on April 1, 2014. Williams did not return. On April 7, 2014, the probation department mailed an appointment letter to Williams'[s] last reported address, which was returned as undeliverable. On April 25, 2014, the San Diego County Probation Department filed an ex parte petition for revocation of probation and issuance of a bench warrant, citing Williams'[s] failure to comply with the ICSU process. The petition was signed by the [c]ourt the same day. On April 28, 2014, Williams contacted San Diego Probation Officer Erik Schick to

2

report that he had moved to Georgia as planned and was living with his mother.

"Between 2016 and 2019, Williams was incarcerated in the state of Arizona.  According to his parole officer, Williams was living with his aunt, reporting to parole as directed, and gainfully employed.  He also completed an anger management class.  Williams was discharged early from parole based on his good performance."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1.  Did Williams receive full due process when the trial court did not conduct an evidentiary hearing on the violation of probation and were the plea advisements adequate?

2.  Was there a sufficient factual basis for the violation of probation admission?

3.  Did the trial court abuse its discretion in denying reinstatement of probation and sentencing Williams to two years in state prison?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Williams on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



IRION, J.

4